**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JONATHAN GRIGSBY, | No. CV 18-9826-JLS (PLA) |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: PLAINTIFF'S APPLICATION TO FILE ACTION *IN FORMA PAUPERIS*** |
| v. | |
| DEBBIE ASCUNCION, et al., | |
| Defendants. | |

On November 21, 2018, Jonathan Grigsby ("plaintiff") filed with this Court a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint" or "Compl."), along with a Request to Proceed Without Prepayment of Filing fees ("IFP Request"). (ECF Nos. 1, 2). Because plaintiff is seeking leave to proceed *in forma pauperis* ("IFP"), the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff contends that with respect to the issues raised in his Complaint, he submitted grievances to the third level of review on November 18, 2018, and that he is awaiting the result of those grievances. (Compl. at 2). Thus, it appears from the face of the Complaint that his claims have not yet been exhausted.

Plaintiff names as defendants more than twenty individuals in both their individual and official capacities. (Compl. at 3-10). With respect to each of the purported defendants, plaintiff sets forth a description of the action(s) that led to him/her being included as a defendant in this Complaint. (Id.). Plaintiff generally alleges that on July 16, 2018, and/or July 17, 2018, prison officials were deliberately indifferent to his serious medical needs when he experienced life-threatening symptoms related to a bowel obstruction. (Compl. at 12-13). He alleges their failure to provide immediate medical attention was cruel and unusual punishment. (Id.). Plaintiff asserts that a confidential review was conducted that resulted in a report showing the correctional officers were at fault when they denied him medical treatment. (Compl. at 14). He repeatedly references various exhibits that were not attached to his Complaint, and states that he has "about 700 pages of documents to support and show violations of claims alleged." (Compl. at 11). He appears to also complain about violations of his due process rights in the grievance process related to his medical issue. (Compl. at 13-14).[1] He also appears to allege retaliation as a result of his bringing a legal action, as well as fabrication or falsification of documents related to his grievances, and conclusorily asserts a denial of equal protection. (Compl. at 14-16, 18-19).

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not proceed IFP in a civil action, or appeal a civil judgment under 28 U.S.C. § 1915, "if the prisoner

---

[1] To the extent plaintiff contends that defendants improperly processed or refused to address his inmate grievances, a prisoner has no federal constitutional right to an effective grievance or appeal procedure and the mere participation of a prison official in plaintiff's administrative appeal process is an insufficient basis on which to state a federal civil rights claim against such a defendant. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has "no legitimate claim of entitlement to a grievance procedure"). Further, to the extent that plaintiff may be intending to allege a federal due process claim arising from the failure to properly process an administrative grievance, the guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) ("Due process protections extend only to deprivations of protected interests."). An inmate administrative appeal system does not implicate a liberty interest protected by the Due Process Clause. See Mann, 855 F.2d at 640.

has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, in response to the question on the form Complaint requiring plaintiff to inform the Court of any other lawsuits he has brought in federal court while a prisoner, plaintiff responded only that he has brought other cases in the Northern District of California pursuant to the First, Eighth, and Fourteenth Amendments, but states that he does not remember (1) how many, (2) who the parties were, (3) the case numbers, (4) the judges assigned, or (5) the disposition. (Compl. at 1-2). Thus, plaintiff's Complaint is incomplete, and it appears to the Court that plaintiff has intentionally avoided providing the Court with required information.

Indeed, the Court's review of the PACER federal case locator website reflects that in addition to this action, plaintiff has been involved in *no fewer than 18 other actions* in the Eastern District of California (5 actions), the Northern District of California (6 actions), and the Ninth Circuit Court of Appeals (7 actions), as follows:

Grigsby v. Castellan, et al,, N.D. Cal. Case No. 06-5494

Grigsby v. Horel, et al., N.D. Cal. Case No. 07-2566

Grigsby v. Horel, et al., N.D. Cal. Case No. 07-2833

Grigsby v. Castellan, et al., 9th Cir. Case No. 07-17359

Grigsby v. Horel, et al., N.D. Cal. Case No. 08-1475

Grigsby v. Evans, et al., N.D. Cal. Case No. 08-1843

Grigsby v. Hubert, et al., E.D. Cal. Case No. 08-770

Grigsby v. Horel, et al., 9th Cir. Case No. 08-16150

Grigsby v. Horel, et al., 9th Cir. Case No. 08-16163

Grigsby v. Evans, et al., 9th Cir. Case No. 08-16379

Grigsby v. Horel, et al., 9th Cir. Case No. 08-17181

Grigsby v. Jacquez, et al., N.D. Cal. Case No. 09-24

Grigsby v. Hubert, et al., E.D. Case No. 09-1067

Grigsby v. Jacquez, et al., 9th Cir. Case No. 09-16062

Grigsby v. Horel, et al., 9th Cir. Case No. 11-17587

Grigsby v. Munguia, et al., E.D. Cal. Case No. 14-789

Grigsby v. Mungia,[2] et al., E.D. Cal. Case No. 16-1105 (a habeas action)

Grigsby v. Pfeiffer, et al., E.D. Cal. Case No. 17-1384

At least one of these actions resulted in an order specifically dismissing plaintiff's action as a "strike" under 28 U.S.C. § 1915(g), for failure to state a claim, failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and failure to timely file a second amended complaint. (See Grigsby v. Hubert, et al., E.D. Cal. Case No. 08-770, ECF No. 28 (E.D. Cal. May 13, 2009)). A number of other dismissals also appear to count as strikes pursuant to § 1915(g):

  (1) in Grigsby v. Jacquez, Case No. 09-24-CRB (PR), ECF No. 8 (N.D. Cal. May 11, 2009), the court dismissed plaintiff's action pursuant to 28 U.S.C. § 1915A as duplicative and "abusive." See LeBlanc v. Asuncion, 699 Fed. App'x 762, 762 (9th Cir. 2017) (citations omitted) (noting that it is not an abuse of discretion to dismiss a duplicative complaint as frivolous or malicious under an earlier version of 28 U.S.C. § 1915);

  (2) in Grigsby v. Jacquez, No. 09-16062, ECF No. 9 (9th Cir. July 28, 2009), the Ninth Circuit Court of Appeals dismissed plaintiff's appeal as "so insubstantial as not to require further argument." See Bayramoglu v. Cate, 2014 WL 3704798, at *4 (N.D. Cal. July 23, 2014) (finding that appeal that was determined to be "so insubstantial" by the Ninth Circuit constituted a strike under the frivolous prong of 28 U.S.C. § 1915(g) (citing Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005))); see also Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (an appeal that was not taken in good faith is equivalent to a finding of frivolity);

  (3) in Grigsby v. Horel, Case No. 08-1475-CRB, ECF No. 8 (N.D. Cal. Sept. 11, 2008), the court dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted;

  (4) in Grigsby v. Hubert, Case No. 09-1067-MCD-CMK-P, ECF No. 13 (E.D. Cal. August 7, 2009), the court dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted; and

  (5) in Grigsby v. Castellan, Case No. 06-5494-CRB (PR), ECF No. 13 (N.D. Cal. Feb. 26, 2007), the court denied plaintiff's IFP request and dismissed plaintiff's complaint without prejudice based on plaintiff's admitted failure to

---

[2] Defendant's name was spelled as "Munguia" in plaintiff's previous action, E.D. Cal. Case No. 14-789.

4

> exhaust his claims. See El-Shaddai v. Zamora, 833 F.3d 1036, 1043-44 (9th Cir. 2016) (noting that a complaint is subject to dismissal for failure to state a claim if the plaintiff's failure to exhaust is clear from the face of the complaint; such a complaint, therefore, would be sufficient to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and count as a strike).

Accordingly, it appears to the Court that plaintiff has accumulated three or more prior qualifying strikes pursuant to § 1915(g). Plaintiff, therefore, is barred from proceeding IFP herein unless and until he can show that he does not have three strikes in accordance with 28 U.S.C. § 1915(g), or that at the time this action was lodged for filing, plaintiff was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the "imminent danger" exception, however, "turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasis added). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Richey v. Dahne, 807 F.3d 1202, 1206 (9th Cir. 2015). It does not appear to the Court that plaintiff could have been under imminent threat of serious physical injury at the time that he initiated this action. Plaintiff's claims arise from actions taken by officials on July 16, 2018, and/or July 17, 2018, but plaintiff filed his action on November 21, 2018, more than four months *after* the alleged incident had been resolved. Moreover, there is nothing in the factual allegations in the Complaint that raises a reasonable inference that plaintiff was facing imminent danger of serious physical injury at the time that he initiated this action.

This Order places plaintiff on notice that the Court intends to deny plaintiff's IFP Request. If plaintiff's IFP Request is denied, plaintiff must pay the full filing fee in order to proceed with this action. Plaintiff is hereby **ORDERED** to file a response to this Order to Show Cause **no later than December 21, 2018**, in which he must demonstrate to the Court, **in a sworn declaration**, why his IFP Request should not be denied pursuant to 28 U.S.C. § 1915(g). In order to comply with this Order, plaintiff must explain to the Court why any of his civil actions or appeals of a judgment in a civil action or proceeding that has been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ," should not count as a strike pursuant to 28 U.S.C. § 1915(g), and/or that he was "under imminent danger of serious physical injury" at the time he filed his Complaint in the present action.

**Failure to file a timely response to this Order to Show Cause will be deemed by the Court as plaintiff's consent to the denial of his IFP Request.**

**It is so ordered**.

DATED: November 30, 2018

_/s/ Paul L. Abrams_
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE