T-61830 CSP-LAC
P.O. Box 8457
Lancaster, Ca 93539

Received
_____
(Date)
Scanned at LAC and E-mailed
on 12/12/18 by ___
(Date)      (Initials)
Number of pages scanned:
32

United States District Court Central District
Of California

Jonathan Grigsby          )   Case # 2:18-cv-09826   JLS - PLA
    Plaintiff             )   Motion Response to
V                         )   Court Order Dated Nov. 11,
Debbie Asuncion et al.,   )   2018
    Defendant(s)          )

FILED
CLERK, U.S. DISTRICT COURT

12/12/2018

CENTRAL DISTRICT OF CALIFORNIA
BY:      ch      DEPUTY

First and for most thank you for pulling up my
many actions as yes, I learned how to litigate thru
trial & error?

Your honor I've been in prison 18 years and change
straight? I have 45 day left to release. On July 10, 2005
while in Pelican Bay I was assaulted by correctional officers
and blamed for serious bodily injury (SBI) that RVR report

Was fabricated to try? But get me more time (Exhibit A)
RVR 115 I got 13 years ago in Pelican Bay I can provide entire
package but copy and unless I have court order I need time
to get all reports and evidence to show my truth.

The 128 G chrono dated Jan. 4, 2006 mark (Exhibit B)
contradicts the report filed July 10, 2005 where just a couple of
words saying RVR does not support the guilty finding of (SBI)?
should have got me a renewal of RVR and another RVR wrote to
explain situation?

Pelican Bay filed DA charges of assault in Superior Court in
Del Norte County in 2005 or 2006 and I was facing life 25 to
life?

(1)

(exhibit C) in PC 2602 order? Now the document is dated from March 2016? I was in Pelican Bay from 2001 thru 2010 when I transfered to New Folsom. (exhibit C) on second page shows I'm Schizoaffective disorder & bipolar type? when I caught this alleged assault I never was lie in 2005? I tried to kill myself in 2006 or late 2005.

I was on psych meds in initial arrival at Pelican Bay in 2001 and I can supply document to show I was a level 3 inmate not a level 4 inmate? And CDCR wanted to full up PBSP with bodys back in 2001, so I was over road to level 4 Max security prison.

You have 18 entries on your order to show cause? All the case filed up to Grigsby vs. Dovel 9th cir. # 11-17587 I was in Psych lock up unit or EOP program for mental ill inmates, from 2005 until 2010 I was in PSU or mental illness lock-up unit (ad/seg) for mental health patients.

So 15 of actions you noted I was under psychologist and psychiatrics orders and medication and all had merit because I believe they were dismissed because I did not respond to court orders in time constraints and getting my medication just right to several years.

(Exhibit D) your is a writ I filed in Sept. 2018 trying to address false statements and falsified document generated to keep me in state of knowing nobody will look at facts? For example in title 15 CCR (california code regulations) so says 3383 state of emergency 3383(a)(b)(c)(i)(2)(3)(d)(e) state running a inmate privilege A1A status yard and running law library would be cut out until emergency is over? Correct thats common sense?

(2)

(exhibit A) C/o Banta says he was running A1A workers yard? And law library release? Those 2 program under a state of emergency as state in (exhibit A) show mind set of sadistic & malice intent?

And if (exhibit B) says alleged RVR report wrote 7-10-2005 does not support charge of (SBI) assault them inmate with mental health issue and Pelican Bay on wanted body's to fill beds so CDCR money would come? I was a casualty of mental health help inmates needed.

Judge if I was a frivolous filer I'd had a documented strike on record saying I have 1 strike or 2 strike, or 3 strikes On page 4 line 7 Judge you assume or alleged I have a strike it would be on court clerks record in Eastern District or Northern District's court clerk record of my strike or strikes?

Because of my mental issue back 13 years ago I had issues that in 2018 I now have control over? To say appear and at least arents definite I have or dos? Your honor based on actions I've shown in exhibit A, B, C, D? my statements for filing civil action 09826 to just and I can send cont any copy or original document to support my claims.

I should not be denied IFP under 1915(g) and again 1 of grievances on behalf of medical staff has been exhausted? But CDCR has made me make 2 grievance for same incident? All so I've enclosed main exhausted health care grievance showing how CDCR is play games and refuse to Sept. 20, 2018 give me proper documents. look at tracking # LAC HC 18002290 Page 4 ent 5 say completed! I was told to write health care

(3)

grievance officer at Lancaster Prison added a issue saying me filing original 1800220 and asking to resubmit another grievance 1800 2290? Judge these are both same one exhausted other ploy to try and stall or provoke a incident?

I'm attaching health care grievance # HC #1800 2290 showing Sept. 20, 2018 completed. Also HC 1800220 completed Nov. 15, 2018? Also attached is Oct. 15, 2018 form from Chief S. Gates where he speaks on # 1800 2290 saying its similar?

Your honor I was told to rewrite because CDCR didn't have the correct health care from HC A attachment? The exhibits show Pelican Bay was suppose to be under a state of emergency by running A1A workers yard and law library shows CDCR Terry Lt. is a liar on disposition and CDCR refuses to address fact that for 15 years CDCR has lied and refuses to

Show proof that prison is and was on lock down?

I swear under penalty of perjury that forgoing is true and that my exhibits of evidence will prove I have a cognizable claim.

Because of my mental illness and me working then my issues my memory and explain I need to get understanding on a better matter on what your saying. I have evidence to back up everything I said in my civil action.

I was assaulted on Nov. 30, 2018 by Sgt. Godfrey officers who work under him and I alerted internal affairs and I'm filing a TRO in next few days. As were being alone on 4 homos of law library thats 2 times? And to state for record if I had copy of any of those filing I can explain reason was it stopped or my mental illness played apart? I can explain and show reason

On page 5 lines 1 on Nov. 29, 2018 Lieutenant spoke to me on issue of C/o Escajeda told me that if I don't drop this lawsuit he'd plant a knife or dope in my cell and get me a life sentence as I was about to release from prison after 18 1/2 straight years?

Then Nov. 30, 2018 Sgt. Godfrey workers assaulted me and I'm in fear but I will not be scared. Please grant me IFP.

Thank You

12-12-2018                           Jonathan Kupliss

(5)

 CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Institutional Level Response**

**Closing Date:** SEP 2 0 2018

**To:** GRIGSBY, JONATHAN (T61830)
C 003 2212001U
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**Tracking #:** LAC HC 18002290

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Inmate Medical Services Policies and Procedures; Inmate Dental Services Program Policies and Procedures; Mental Health Services Delivery System Program Guide; Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Disagreement with Treatment (Nursing Staff) | You allege that you were denied medical care by the RN on July 17, 2018 due to the RN refusing to take you to the hospital. |
| Issue: | Grievances (Disagree with Rejection) | You allege the reject for having altered 602 HC forms stopped your due process |
| Issue: | Administrative (Monetary Compensation) | You allege that you should be given $75,000.00 because you almost died for negligence of "African RN" |

## INTERVIEW
On September 6, 2018, you were interviewed by L. Mason, HCARN regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION
☒ No intervention.     ☐ Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:
**Issue 1:**
- The health care grievance was reviewed and evaluated by the reviewing authority and the issue was deemed not to meet staff complaint criteria.

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
## HEALTH CARE SERVICES

- On July 16, 2018 at 2335 hours the Registered Nurse (RN) arrived at C3 Building with medical emergency equipment escorted by custody. The RN notes indicate that you presented to the cell door and stated "I am having stomach pain, I think I ate food poison." You also stated that you needed laxative and "I'm kind of constipated now." The on-call primary care provider (PCP) was notified and you were given magnesium Hydroxide 30ml PO. The RN provided education on the medication and encouraged you to contact staff is systems worsen.

- On July 17, 2018 you were seen by the PCP and an RN for severe abdominal pain associated with nausea and vomiting. You were transferred to the TTA for higher level of care.

- On September 6, 2018 you met with L. Mason, HCARN who informed you that RNs do not diagnose patients. You were informed that the RN's clinical notes indicate that they followed the nursing triage protocols.

**Issue 2:**
- On July 24, 2018 the Health Care Grievance Office received your health care grievance and was assigned tracking number LAC HC 18002206. The grievance was written on two 602 HC forms and the second 602 HC form had 13 large X's drawn on the form and lines marking out language on front and back of the second 602 HC form.

- On July 26, 2018 the Health Care Grievance Office rejected the grievance and provided you with a blank 602 HC A form so that you could resubmit the second page of your grievance.

- On July 31, 2018 you resubmitted a new health care grievance with the added allegation that the rejection of LAC HC 18002206 stopped your due process. The health care grievance was assigned tracking number LAC HC 18002290 due to the addition of the due process allegation.

- California Code of Regulations, Title 15, Section 3999.227(a) states, "The grievant is limited to the use of one CDCR 602 HC to describe the specific complaint that relates to their health care which they believe has a material adverse effect on their health or welfare, and one CDCR 602 HC A, if additional space is needed."

- California Code of Regulations, Title 15, Section 3999.227(o) states, "The grievant shall not deface the health care grievance package."

**Issue 3:**
- Monetary compensation is outside the jurisdiction of the health care grievance process.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

If you are dissatisfied with the Institutional Level Response, explain the reason in Section B of the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

_____
B. RAMOS, M.D.
Designee for Dr. Igbinosa
Chief Medical Executive (A)
California State Prison – LA County

_____
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.

Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

Note 3: Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR-0602 HC (Rev. 06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Institution: LAC HC 18002200 | Tracking #: 18002290 |
|---|---|---|---|

Staff Name and Title (Print)  J Vega HCAR

Signature

Date  7/31/18

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): GRIGSBY, JONATHAN | CDCR #: T-61830 | Unit/Cell #: C3 212 |
|---|---|---|

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. On July 17, 2018 I was denied medical care

Resulting in me being place in hospital for 3 days 2 nights and having

to go thru 24 hours of pain for bowel obstruction. The RN on night

of 17th refused to take me to hospital. After first belief I had food poisoning

I told RN I need to see doctor and I was denied. I THREW 13 times and

I was in pain for 12 straight hours. I was told by Dr. Afia that if I HAD

NOT MADE it to C & D clinic by 10 AM I could have died based on my intestine was

about to burst from blocking. To show mind set of CDCR staff the grievance

*If you need more space, use Section A of the CDCR 602 HC A*

☒ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached:  5 Discharge Instructions

on bowel obstruction

☐ No, I have not attached any supporting documents. Reason:

| Grievant Signature: Jonathan Grigsby | Date Submitted: July 22, 2018 |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.   J. G.

HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only       Is a CDCR 602 HC A attached? ☒ Yes   ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: ___   Date: ___

☐ Withdrawn (see section C)

| ☒ Accepted | Assigned To: HCMN | Title: HCARN | Date Assigned: 8/6/18 | Date Due: 10/3/18 |
|---|---|---|---|---|
| Interview Conducted? ☒ Yes ☐ No | Date of Interview: 9/6/18 | | Interview Location: Clinic | |
| Interviewer Name and Title (print): L. MASON, HCAR | Signature: | | Date: 9/6/18 | |
| Reviewing Authority Name and Title (print): | Signature: CME LA | Date: 9/19/18 | | |

| Disposition: See attached letter | ☐ Intervention | ☐ No Further Intervention | ☒ No Intervention |
|---|---|---|---|

*If dissatisfied with Institutional Level Response, complete Section B.*

HCGO Use Only: Date closed and mailed/delivered to grievant:   **SEP 20 2018**

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☒ Additional time | ☒ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☒ Equipment ☐ SLI | ☒ Patient summed information |
| ☐ DPS ☒ DNH | ☐ Louder ☒ Slower | Please check one: |
| ☐ DDP | ☒ Basic ☐ Transcribe | ☐ Not reached* ☒ Reached |
| ☒ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: Hearing Aids

RECEIVED  JUL 31 2018  HCGO

COMPLETE  LAC  STAFF USE ONLY  SEP 20 2018  HCGO

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR-0602-HC A (06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

---

**STAFF USE ONLY**

Institution: LAC HC-1800-2290   Tracking #: 18002290

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): | CDCR Number: | Unit/Cell Number: |
|---|---|---|
| GRIGSBY, JONATHAN | T-41830 | C3 - 212 |

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy):

FROM I DIDNT HAVE 602 HC A foRm. So your office stop my due process for petty AllEgATION Im using to mANy foRms. I wAnt #75,000 dollARs for fact I All most died for NEgligence of AfricAn RN on 7-17-18 at 10:30 At night And hE Refused to come SEcond I REquEst EMERgENcy SERVICES, I wANt RN And DR'S NAME hE cAys hE consultted that denied mE MEdicAl treatment. I REW Rote 602 on HC & HC A FORMS, ORIGINAl HC # 1800220C is AttAched bEcAusE Im going to show couRt CDCR HC AppEAls mind sEt is on pEtty ISSUES when denying A huRt in pAin inmate should bE pRioRity but smAll trivial issues is moRE importANt thAN gEtting thE pAtient hElp.

Grievant Signature: Jonathan Grigsby   Date Submitted: July 22, 2018

**SECTION B:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section B only (Dissatisfied with Health Care Grievance Response):

Grievant Signature: _____   Date Submitted: _____

RECEIVED
LAC
JUL 3 1 2018
HCGO

COMPLETED
LAC
SEP 2 0 2018
HCGO

STAFF USE ONLY



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Headquarters' Level Rejection Notice

**Date:**  OCT 15 2018

**To:**  GRIGSBY, JONATHAN (T61830)
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

*date is wrong)*
*receive in Nov.*

**From:**  California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

*try completed Nov. 13, 2018?*

**Tracking #:**  LAC HC 18002206

Your health care grievance submitted for headquarters' level review does not comply with health care grievance procedures established in California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5, and is rejected for the following reason(s):

**Bypass**: California Code of Regulations, Title 15, Section 3999.227(m) states, "The grievant shall submit the institutional level health care grievance for processing to the HCGO [Health Care Grievance Office] where the grievant is housed."

Please note that some issues stated in this health care grievance may not be addressed upon resubmission as headquarters has received health care grievance tracking number LAC HC 18002290, that is in process at the headquarters' level, with similar issues.

Please submit your health care grievance to your institution's Health Care Grievance Office.

Take the necessary action provided in this notice, and resubmit the health care grievance to your institution's Health Care Grievance Office within 30 calendar days.

*(signature)* (car)

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

Note:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

RECEIVED
HCGO
OCT 29

P.O. Box 588500
Elk Grove, CA  95758

 

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

### Headquarters' Level Rejection Notice

**Date:** NOV 1 5 2018

**To:** GRIGSBY, JONATHAN (T61830)
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**From:** California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:** LAC HC 18002206

Your health care grievance submitted for headquarters' level review does not comply with health care grievance procedures established in California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5, and is rejected for the following reason(s):

**Bypass**: California Code of Regulations, Title 15, Section 3999.227(m) states, "The grievant shall submit the institutional level health care grievance for processing to the HCGO [Health Care Grievance Office] where the grievant is housed."

**Submit your health care grievance to your institution's Health Care Grievance Office to where you are housed.**

Take the necessary corrective action provided in this notice, and **first resubmit the health care grievance to your institution's Health Care Grievance Office** within 30 calendar days.

FOR/ S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

Note: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA 95758



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Institutional Level Rejection Notice**

**Date:**   JUL 2 6 2018                                    **ATTACHMENT**

**To:**   GRIGSBY, JONATHAN (T61830)
# C  003 2212001U
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**Tracking #:**   LAC HC 18002206        *REWRote HC 7-27-18 sending in 7-30-18*

Your health care grievance submitted for institutional level review does not comply with health care grievance procedures established in California Code of Regulations Title 15, Section 3087, and is rejected for the following reason(s):

**More than One CDCR 602 HC or CDCR 602 HC A**: California Code of Regulations, Title 15, subsection 3087.2(a) states, "The grievant is limited to the use of one CDCR 602 HC to describe the specific complaint that relates to their health care which they believe has a material adverse effect on their health or welfare, and one CDCR 602 HC A, if additional space is needed."
Remove the document(s) stamped "Not Processed."

**I have enclosed a blank 602 HC A as well as another set of blue 602 HC and 602 HC A forms for future use.**

**When completing the 602 HC A form do not include custody issues.  We do not have jurisdiction over custody staff.**

**Not Health Care Jurisdiction**: California Code of Regulations, Title 15, subsection 3087.1(a)(4) states, "The grievant shall not submit a health care grievance for issues outside the health care jurisdiction."
Your concerns regarding **custody officers that prohibited medical care** should be addressed through the appropriate channels.

**I have enclosed the green 602 forms that you will need to complete and send to Inmate Appeals Office regarding the custody staff prohibiting you from receiving medical treatment.**

RECEIVED
LAC
JUL 3 1 2018
HCGO

RECEIVED
HCCAB
OCT 29 2018

RECEIVED
HCCAB
OCT 0 5 2018

Note:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES

**ATTACHMENT**

Take the necessary corrective action provided in this notice, and resubmit the health care grievance within 30 calendar days.

*P. Garcia*

Health Care Grievance Office Representative
California State Prison – LA County

RECEIVED
LAC
JUL 3 1 2018
HCGO

RECEIVED
HCCAB
OCT 2 9 2018

RECEIVED
HCCAB
OCT 0 5 2018

Note:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 06/17)

**ATTACHMENT**

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☒ No | Institution: | Tracking #: |
|---|---|---|---|

Institution: LAC HC 18002206

L. MASON, HCARN

Staff Name and Title (Print) — Signature: *Mason* — Date: 7/24/18

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): GRIGSBY, JONATHAN      CDCR #: T-61830      Unit/Cell #: C3 212

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. On July 17, 2018 I HAD A MEDICAL EMERGENCY WHERE I WAS IN EXTREME PAIN AND vocmiting in my stomach are? AT 10:30 At night the night % prohibited me from getting medical treatment? for hours? Also the RN that came he was deliberate indifference as I had very bad stomach/Abdomen pain and for 8 hours I was denied medical treatment. After 12 hours later I was sent to hospital for 3 days and 2 nights for bowel obstruction. Dr. Afia said if I was sent to hostial and got tube put in my nose to unplug my blockade Id have died. I know % Esajiera and % working with him denied me medical help? I told then I had a medical emergency and wanted help ASAP? These 2 % made me wait about 5 hours and I

*If you need more space, use Section A of the CDCR 602 HC A*

☒ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached:
5 document from Discharge RN Pinckney and document telly what was my issue, 4 Pages tell of illness and 5th Page is hospital bracelet

☐ No, I have not attached any supporting documents. Reason:

Grievant Signature: *Jonathon Grigsby*      Date Submitted: July 22, 2018

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.   J. G.

**HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only**     Is a CDCR 602 HC A attached? ☐ Yes ☒ No

This grievance has been:

☒ Rejected (See attached letter for instruction): Date JUL 26 2018   Date:

☐ Withdrawn (see section C)

☐ Accepted   Assigned To:   Title:   Date Assigned:   Date Due:

Interview Conducted? ☐ Yes ☐ No   Date of Interview:   Interview Location:

Interviewer Name and Title (print):   Signature:   Date:

Reviewing Authority Name and Title (print):   Signature:   Date:

**Disposition:** See attached letter   ☐ Intervention   ☐ No Further Intervention   ☐ No Intervention

*If dissatisfied with Institutional Level Response, complete Section B.*

HCGO Use Only: Date closed and mailed/delivered to grievant:

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments:

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Institution:          Tracking #:

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI):
GRIGSBY, J

CDCR Number: T-61830    Unit/Cell Number: C3 217

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy) :

could have died. The tower officer on 1st watch and 1st watch C/o walking tier told I need these
memos. also the RN on 7-17-2018 who brought me something to me was bathroom did not
work, 3 hours later I try to tell C/o in block I need to go to hospital something is wrong?
At this time July 22, 2018 I was denied all meds even for pain, I was denied a interview
at institutional level and 1st interview by Moran Sept 6, 2018 she said nothing or stated
facts to why I was denied treatments. I'm resubmitting till your I'm sueing you
unless I receive in person interview with Captain or Lieutenant or action of C/o in
1st & 2 watch who deny me.

Grievant Signature: Jonathan Grigsby     Date Submitted: Oct 22, 2018

**SECTION B:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section B only (Dissatisfied with Health Care Grievance Response) :

Suppose to be here?

Grievant Signature: _____     Date Submitted: _____

STAFF USE ONLY

HCCARE NOV 15 2018
RECEIVE HCCARE OCT 29 2018

Discharge Instructions
* Final Report *

GRIGSBY, JONATHAN WESLEY - T61830

**Patient education materials**

# Small Bowel Obstruction

A small bowel obstruction means that something is blocking the small bowel. The small bowel is also called the small intestine. It is the long tube that connects the stomach to the colon. An obstruction will stop food and fluids from passing through the small bowel. Treatment depends on what is causing the problem and how bad the problem is.



Mouth
Esophagus
Colon
Rectum
Stomach
Small intestine
Large intestine

© SELF & ASSOCIATES, INC. 2008

## HOME CARE

- Get a lot of rest.
- Follow your diet as told by your doctor. You may need to:
  ◦ Only drink clear liquids until you start to get better.
  ◦ Avoid solid foods as told by your doctor.
- Take over-the-counter and prescription medicines only as told by your doctor.
- Keep all follow-up visits as told by your doctor. This is important.

Result type:         Discharge Instructions
Result date:         July 19, 2018 18:33 PDT
Result status:       Auth (Verified)
Result title:        Discharge Instructions
Performed by:        Pinckney, Keitha RN on July 19, 2018 18:33 PDT
Verified by:         Pinckney, Keitha RN on July 19, 2018 18:33 PDT
Encounter info:      1000000291116783 T61830, LAC, Institutional Encounter, 09/20/17

Printed by:     Pinckney, Keitha RN
Printed on:     7/19/2018 18:38 PDT

Small Bowel Obstruction



Small bowel obstruction can lead to tissue damage and even tissue death.

A small bowel obstruction occurs when part or all of the small intestine (bowel) is blocked. As a result, digestive contents can't move through the bowel properly and out of the body. Treatment is needed right away to remove the blockage. This can ease painful symptoms. It can also prevent serious problems, such as tissue death or bursting (rupture) of the small bowel. Without treatment, a small bowel obstruction can be fatal.

## Causes of small bowel obstruction

A small bowel obstruction can be caused by:

- **Scar tissue (adhesions).** These may form after belly (abdominal) surgery or an infection.

- **Hernia.** A hernia is when an organ pushes through a weak spot or tear in the abdomen wall. Part of the small bowel can push out and be seen as a bulge under the belly. Hernias can also occur internally.

- **Certain health problems.** These include when part of the bowel slides inside another part (intussusception). Other causes include irritable bowel disease such as Crohn's disease, and inflammation and sores in the intestine (ulcerative colitis).

- **Abnormal tissue growths (tumors).** These can form on the inside or outside of the small bowel. They are usually due to cancer.

## Symptoms of small bowel obstruction

RECEIVED
LAC
JUL 2 4 2018
ACGO

RECEIVED
ACO
JUL 3 1 2018
ACGO

RECEIVED
HCCAP
OCT 29 2018

RECEIVED
HCCAB
OCT 0 5 2018

Common symptoms include:

- Belly cramping and pain
- Belly swelling and bloating
- Upset stomach (nausea) and vomiting
- Can't pass gas
- Can't pass stool (constipation)
- Diarrhea

## Diagnosing small bowel obstruction

Your provider will ask about your symptoms and health history. You'll also have a physical exam. Tests may also be done to confirm the problem. These can include:

- **Imaging tests.** These provide pictures of the small bowel. Common tests include X-rays and a CT scan.
- **Blood tests.** These check for infection and other problems, such as excess fluid loss (dehydration).
- **Upper GI (gastrointestinal) series with a small bowel follow-through.** This test takes X-rays of the upper digestive tract from the mouth through the small bowel. An X-ray dye (contrast fluid) is used. The dye coats the inside of your upper digestive tract so it will show up clearly on X-rays.

## Treating small bowel obstruction

Treatment takes place in a hospital. As part of your care, the following may be done:

- No food or drink is given by mouth. This allows your bowels to rest.
- An IV (intravenous) line is placed in a vein in your arm or hand. The IV line is used to give fluids. It may also be used to give medicines. These may be needed to ease pain, nausea, and other symptoms. They may also be needed to treat or prevent infections.
- A soft, thin, flexible tube (nasogastric tube) is inserted through your nose and into your stomach. The tube is used to remove extra gas and fluid in your stomach and bowels. This helps to ease symptoms such as pain and swelling.
- In severe cases, surgery is done. This may be needed if the small bowel is almost or totally blocked, or there is a hole in the bowel (bowel perforation). During surgery, the blockage is removed. Parts of the bowel may also be removed if there is tissue death. Other repair may be done as well, depending on what caused the blockage. Your healthcare provider will give you more information about surgery, if needed.
- You'll be watched closely in the hospital until your symptoms improve. Your provider will tell you when you can go home.

## Long-term concerns

After treatment, most people recover with no lasting effects. If a long part of the bowel is removed,

there is a greater chance for lifelong digestive problems. Bowel movements may become irregular. Work with your provider to learn the best ways to manage any symptoms you may have, and to protect your health.

## When to call your healthcare provider

Call your provider right away if you have any of the following:

- Severe pain **(Call 911)**

- Belly swelling or cramping that won't go away

- Can't pass stool or gas

- Nausea or vomiting (especially if the vomit looks or smells like stool)

© 2000-2017 The StayWell Company, LLC. 780 Township Line Road, Yardley, PA 19067. All rights reserved. This information is not intended as a substitute for professional medical care. Always follow your healthcare professional's instructions.



 

**GRIGSBY, JONATHAN**
DOB: 02/09/1967   51Y   SX: M
MRN: 10274179   ADM DT: 07/17/2018
**Palmdale Regional Medical Center**

 

RECEIVED
LAC
JUL 24 2018
YCGO

RECEIVED
LAC
JUL 31 2018
YCGO

RECEIVED
HCCAB
OCT 29 2018

RECEIVED
HCCAB
OCT 05 2018

(exhibit A)

115 Page

of RVR 7-10-2005

fabricated statements
& falsified documents



804 FAXED ON 07/17/05



STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-61830 | GRIGSBY | | 1-19-2016 | PBSP | AF2-232L | A05-07-0048 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS | BATTERY ON A PEACE | | LOCATION 'A' YARD | DATE | TIME |
| 3005(c) | OFFICER WITH SERIOUS INJURY | | @ AF2 | | 07/10/05 | 1300 HRS |

CIRCUMSTANCES

On July 10, 2005, at approximately 1300 hours, while I was assigned as AF2 Floor Officer #2, I was posted in the AF2 Control Booth entrance window. I provided gun coverage for the A1A workers yard and Law Library release. AF2 Floor Officers L. Gutierrez, J. Hagerman and S. Lamphere were conducting unclothed body searches on the yard directly in front of AF2. I observed Inmate GRIGSBY, T-61830, AF2-232L, exit the yard door for his afternoon Law Library ducat. GRIGSBY approached Officer L. Gutierrez and with his left hand pulled a large envelope from a stack of papers he was holding in his right hand. GRIGSBY was handing the envelope to Officer Gutierrez with his left hand and stated, "I have a question about this." As Officer Gutierrez reached for the envelope with his right hand. GRIGSBY dropped the envelope, stepped into Officer Gutierrez with his left leg and struck Officer Gutierrez in his upper chin and lower lip with his clinched left fist. GRIGSBY then hit Officer Gutierrez in his nose with his

CONTINUED ON CDC-115-C

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| N. BANTA, CORRECTIONAL OFFICER | | 7·23·05 | AF2 FLOOR #2 | M/T |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
| J. Samuy SGT | | 7-23-05 | | |
| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | LOC. | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE ☒ SERIOUS | A1 | 7/23/05 | | | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 8/6/05 | 0700 | 7219 x 2 |
| ☐ INCIDENT REPORT LOG NUMBER: 07-321 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| PBP-A02-05-07 | | 8/6/05 | 0700 | | 8/6/05 | 0700 |

HEARING

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | SEE ATTACHED CDC-115-C | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| LT. P. TERRY, SENIOR HEARING OFFICER | | | 9/19/05 | 0725 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| S.C. Cashew Cap (A) (4) P.T. SMITH, A-FACILITY CAPTAIN | | F. JACQUEZ, A.W.G.P. | 10/12/05 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| CDC 115 (7/88) | | M. Clay | 10-18-05 | 0800 |



STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

exhibit A
3 pgo

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __3__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-61830 | GRIGSBY | A05-07-0048 | PBSP | 10/12/05 |

| ☐ SUPPLEMENTAL | ☑ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☑ HEARING | ☐ I.E .REPORT | ☐ OTHER |
|---|---|---|---|---|---|

**Hearing:** The hearing was convened on 09/19/2005, at approximately 0725 hours when I introduced myself to GRIGSBY as the Senior Hearing Officer for this disciplinary. GRIGSBY stated he was in good health with normal hearing and vision. GRIGSBY acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and incident report with supplemental reports. These reports as well as the disciplinary charge of BATTERY ON A PEACE OFFICER WITH SERIOUS INJURY were reviewed with GRIGSBY in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** GRIGSBY was advised in the hearing that this has been referred for possible prosecution and he can postpone his hearing pending resolution of prosecution. He was informed that any statements he makes in this hearing could be used against him in a court of law. GRIGSBY stated that he understood and he wanted to continue the hearing.

**Due Process:** The inmate was served with his copy of the disciplinary report within 15 days of discovery but the hearing was not held within 30 days of service.

Per CCR 3383(d), an authorized State of Emergency was imposed at this institution effective with 06/23/2005 and and continuing to the present date, time constraints were suspended during the State of Emergency. This was explained to the inmate in the hearing and notice of this State of Emergency was posted as notice to any inmates with pending disciplinaries. For this reason, time constraints were not violated and credit forfeiture remains available. Per CCR 3320(f)(5), the hearing officer finds this delay did not prejudice the inmate. The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant:** GRIGSBY was assigned a Staff Assistant as GRIGSBY is illiterate (reading score of 4.0 or less). The assigned SA, J. BERG, was present at the hearing. The assigned SA confirmed that GRIGSBY was interviewed more than 24 hours in advance and offered an explanation of hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality. GRIGSBY stated that he understood and that he was prepared to begin.

**Investigative Employee:** Per the CDC 115-A, GRIGSBY requested IE assignment. IE was not assigned at that time as GRIGSBY failed to prove his need for IE assignment. In the hearing, GRIGSBY waived IE assignment. The issues are not complex, additional information is not required and the inmate has waived investigation on his behalf. IE will not be assigned.

**Request for Witnesses:** GRIGSBY requested the Reporting Employee as a witness. Request granted. GRIGSBY asked no questions of the Reporting Employee and he was dismissed from the hearing.

GRIGSBY requested Inmates ROBINSON the Unit MAC representative and COOK and as a witness to give the following anticipated testimony: That GRIGSBY had told both inmates that Officer Gutierrez had disrespected him. Per CCR 3315 (e)(1)(B), a witness request will be denied if the SHO determines the anticipated testimony from the requested witness is either not relevant or adds no additional information. Request denied as it is my conclusion this anticipated testimony is not relevant to the issues of this hearing. Whether or not the inmate felt "disrespected," this does not permit retaliatory action of a felonious nature and has no bearing on whether or not GRIGSBY committed the charged offense.

**Video and photo evidence:** Videotape record of events related to this offense was retained as evidence. As documented on the attached CDC 128-B, on 08/07/2005 at approximately 0715 hours, GRIGSBY reviewed this videotape prior to the hearing. The videotape was reviewed in the hearing.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| P. Terry | | Correctional Lieutenant | 10/12/05 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | M. Cheng | 10-18-05 | 0800 |

(exhibit B)

128 G Chrono

show alleged assault
was wrote up with false statements
Jan. 4, 2006

OF CORRECTIONS

*exhibit B*
*2 pgo*

CDC 128G (REV 2/96)

NO. T-61830        NAME: Grigsby, Johnathan                                        CELL: A-1-123
CUSTODY: MAX/S    CS: 108    LEV: 4    WG/PG: D2/D    EFF: 7/10/05   ASSIGNMENT: ASU
RELEASE DATE: EPRD 4/18/16    NEXT REVIEW: 3/06

*exhibit C — this page*
*1 & 2  attached*

**ACTION: Confirm SHU term assessment by
ICC action of 11/9/05. Refer to CSR for
audit. Retain in ASU pending CSR audit and
DA action. MERD 7/10/08.**

nmate Grigsby was reviewed by PBSP ICC on this date for a special review due to CSR deferral dated
12/29/05. Prior to ICC C/O P. Martinez was assigned as S's staff assistant as S is a participant in the Mental
Health Delivery System at the CCCMS level of care. An investigative employee was not required. Witnesses
were not requested per the Title 15 sections 3338 (h) and (i). Committee noted that S was placed into ASU
on 7/10/05 as he battered a Peace Officer.
The CSR reviewed this case on 12/29/05 and noted three issues relative to ICC action of 11/9/05;

1. The SHO's findings on RVR dated 7/10/05 did not support the guilty finding for Battery on a Peace
   Officer with Serious injury. The CSR takes issue with the SHO statement that S's attack *should have*
   *caused serious injury.*
2. Prior CSR comments dated 8/9/05 relative to an adjustment to S's 829 had not been completed.
3. A Madrid chrono need to be included in central file.

CC addresses the CSR comments as follows;

1. Regarding issue #1 ICC notes that IR PBP-A02-05-07-0321documents that the victim did receive
   several injuries as a result of S's attack. The victim's injuries were serious enough that they required
   care that was beyond the scope of normal first aid in that the Officer was transported to Sutter Coast
   Hospital as he required additional treatment. ICC notes that Title 15 section 3000 states "Serious
   injury means a serious impairment of physical condition, including, but not limited to, the following:
   loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any
   bodily member or organ; a wound requiring suturing; and disfigurement." It appears by the definition
   recorded in the Title 15 that the described injuries are not all inclusive of the definition of serious
   injury and allowed for some latitude on the part of the SHO. It is also noted that the SHO alluded to
   the viciousness of the inmates attack on the Officer. Stating in the preponderance of evidence, that it
   is reasonable to conclude that the Officer having been struck hard enough to be knocked off of his
   feet causing him to strike his head on the ground should have caused serious injury. ICC also notes
   that the victim in this incident was off from work from for the remainder of his shift on 7/10/05 through
   7/19/05. This information was not part of the SHO's supporting information however clearly
   demonstrates the seriousness of the attack and the injuries inflicted. It is this Committees position
   that the injuries listed in the IR and RVR are sufficient to warrant serious bodily injury and or
   disfigurement noting the ½ inch cut to the nose, ¼ inch cut above right eye, small cut on corner of
   right eye, bleeding nose, the knocking loose of a tooth and a cut to his lower lip.
2. The CDC 839 has been corrected as recorded on CDC 128B dated 1/3/05.
3. A Madrid was chrono dated 7/13/05 is in the file and may have been overlooked by the CSR.

Based upon the aforementioned **ICC acts to refer this case back to the CSR, concurring with prior ICC
action of 11/9/05 relative to SHU term assessment.** ICC acts to withdraw the transfer recommendation as
transfer would be inappropriate given the possible DA action. ICC also acts to retain S in ASU as S
represent an unacceptable risk to the safety of prison staff if released to the GP noting the assessed MERD.
CC request a 180 day ASU extension as the Del Norte DA has not released interest in prosecution as of
this date. LCSW B. Davis was present during ICC and stated that S did not have mental health issues at
this time, however noted that S is PBSP excluded per the Madrid criteria. S is retained on single cell status
per prior clinical recommendation, see ICC action of 11/9/05. S is approved for walk alone yard while
housed in ASU. S indicated that he disagreed with Committee action as the decision "I did not have any

OF CO...

CDC 128G (REV 2/96)

NO. T-61830          NAME: Grigsby, Johnathan                          CELL: A-1-123
CUSTODY: MAX/S     CS: 108     LEV: 4     WG/PG: D2/D   EFF: 7/10/05   ASSIGNMENT: ASU
RELEASE DATE: EPRD 4/18/16     NEXT REVIEW: 3/06

choice but too sock the cop, two cops threatened me. You want me to wait and be taken out of here in a body bag." S was also advised of his right to appeal this action if he so desired and that he must do so within 15 days of today whether he has received the CDC 128G Classification chrono or not. S was also advised that his next scheduled Committee will be in March of 2006.

COMMITTEE MEMBERS: Chairperson: F. Jaquez, CDW (A)          Recorder: K. Cruse CCI
                            Member(s): B. Davis, LCSW,              M. Smelosky, Capt.

DATE    1/4/06                                                              PBSP ICC

Exhibit C

Notice showing a
renewal of Psych Meds
in 2016

State of California
**Renewal of Involuntary Medication Notice**
CDCR MH-7368 (01/15)

*Chief Psychiatrist*
*Lapenta*

Department of Corrections and Rehabilitation
Form: page 1 of 9
Instructions: pages 10 and 11

| Date: | Institution: KVSP | Age: 49 | Gender: ☒ Male ☐ Female | Interpreter: ☐ Yes ☒ No |
|---|---|---|---|---|

Bed/Cell/Dorm: C7 210          Language: ENGLISH

| INMATE NAME (print Last, First): Grigsby Jonathan | CDCR#: T61830 | PID#: 11167835 |
|---|---|---|

**NOTICE OF INTENT TO RENEW PENAL CODE 2602 ORDERED MEDICATION:** The clinical staff of the institution shown above allege that you continue to have a serious mental illness or disorder. As set forth in the attached declaration, your behaviors and symptoms appear to meet the legal criteria for danger to self, danger to others, or grave disability. These symptoms are currently being moderated by psychiatric medication, which you have not knowingly, intelligently, and competently consented to take. A judge has previously ordered you to take psychiatric medication for these condition(s). The clinical staff of this institution alleges that, but for said medication, you would revert to your previously qualifying condition and, as specified in the attachments, you have by either your statements or behaviors shown a lack of sufficient insight to manage your illness without a PC 2602 order. You will therefore be brought in front of an Administrative Law Judge, who will decide whether you should continue to be given psychiatric medication on an involuntary basis.

**SECTION I - PC 2602 ORDERED MEDICATION STATUS:**

Your current order for involuntary psychiatric medication expires on: Apr 1, 2016

**SECTION II - YOUR DOCTORS BELIEVE YOUR ORDER SHOULD BE RENEWED, YOUR HEARING WILL BE:**

| HEARING DATE: | HEARING TIME: | HEARING INSTITUTION: |
|---|---|---|
| 3/29/16 | 0900 a.m. | Kern Valley State Prison |

| Name, Address, and Phone Number of Your Attorney: | Christopher Reid 1929 Truxtun Avenue, Suite C Bakersfield, CA 93301 661-619-7196/619-324-1400 | |
|---|---|---|
| By: | Zahir Ahmad MD | |
| | (print name of renewing psychiatrist) | (date) |

**SECTION III - BASIS BEING RENEWED:**

Identify the basis for involuntary medication <u>in the prior order and mark them below</u>. Based on clinical judgment and observation, *but for medication as a result of the current order*, it is alleged that the above-entitled inmate would be: (mark all that apply):

☐ Danger to Self     ☒ Danger to Others          ☐ Gravely Disabled and Lacks Capacity to Refuse Treatment

**SECTION IV - SERVICE**

I declare under penalty of perjury that I delivered a copy of this notice, a copy of the form "CDCR MH-7366 Inmate Rights Notice - Involuntary Medication," and any related paperwork such as exhibits or attachments, to the attorney listed in Section II above, and to the inmate on the date shown below.

| H. Stahl PhD | *signature* | 3-17-16 |
|---|---|---|
| Name of person delivering | Signature of person delivering | Date delivered |

| 1. <u>Disability Code:</u> | 2. <u>Accommodations:</u> | 3. <u>Effective Communication:</u> | |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☒ Additional Time | ☒ P/I asked questions | CDCR #: T61830 |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☒ P/I summed information | Last Name: Grigsby   MI: |
| ☐ DPS ☐ DNH | ☐ Louder ☒ Slower | **Please check one:** | First Name: Jonathan |
| ☐ DNS ☐ DDP | ☒ Basic ☐ Transcribe | ☐ Not Reached ☒ Reached | DOB:   02-09-1967 |
| ☒ Not Applicable | ☐ Other | | |
| 4. <u>Comments:</u> TABE SCORE: 7.4, NCF | | | |

*Mr. Edwards*

California Correctional Health Care Services

KERN VALLEY STATE PRISON

| NAME: GRIGSBY, JONATHAN | CDCR#: T61830 | DATE OF SERVICE: 03/08/2016 |
|---|---|---|
| DATE OF BIRTH: 02/09/1967 | HOUSING: C 007 2210001LP | PAROLE DATE: |

## RENEWAL OF INVOLUNTARY MEDICATION NOTICE

## DECLARATION IN SUPPORT OF RENEWAL OF INVOLUNTARY MEDICATION

## IN THE MATTER OF (LAST, FIRST, CDCR Number): GRIGSBY, JONATHAN, T61830

I am a psychiatrist employed by     (X)    California Department of Corrections and Rehabilitation
                                    ( )    California Department of State Hospitals

Based on my contacts with the inmate as well as my review of the medical chart, in my professional opinion, the current psychiatric diagnosis for the above-entitled inmate is as follows:

DSM TR:
AXIS I:        Schizoaffective disorder, bipolar type.

In my professional opinion, the above diagnosis constitutes a serious mental disorder. In my opinion the inmate lacks the requisite insight into his or her mental illness, and, but for PC 2602 ordered medication, the inmate would revert to the type of behavior that triggered the original order in this case. The inmate requires a PC 2602 order to ensure medication compliance. The prior order in this case is based on the grounds marked below. (Mark all that apply):
( ) Danger to Self      (x) Danger to Others      ( ) Gravely Disabled and Lacks Capacity to Refuse Treatment

The specific factual basis for my psychiatric diagnosis, and the reason I believe the medication order should be renewed, is based upon the following components:

1. Based on the inmate's current behavior and symptoms, in my professional opinion, the basis(es) for involuntary medication of the inmate alleged in this petition are as follows (Note: *if the reasons provided here do not match the reasons provided in the section directly above, the institution must supply documentation of fresh acts to support the new behavior):*
( ) Danger to Self      (x) Danger to Others      ( ) Gravely Disabled and Lacks Capacity to Refuse Treatment

2. In my professional opinion, if not given PC 2602 ordered medication, the inmate would revert to the behavior that caused him/her to be placed on involuntary medication in the initial order. The factual basis for my opinion is as follows:

Describe the inmate's behavior when not on medication: Mr. Grigsby has been suffering from chronic mental illness of schizoaffective disorder bipolar type. He has a history of mood instability, irritability, agitation, auditory hallucinations, command auditory hallucinations, paranoia, aggressive episodes, violent behavior, suicidal ideation, hopelessness, helplessness, and homicidal thoughts. At today's interview when asked to please describe your behavior when you are not on medication, he said "Usually when I'm not on medication I get trouble and get 115s hear voices, see things, agitation, angry, feeling to hurt other people." Mr. Grigsby also reports "Sometimes I feel like I have a super human strength. Sometimes I feel really depressed to kill myself or other people if they are messing with me." These are the symptoms he reported when he is not on medications.

How, in your opinion, is the inmate's unmedicated behavior, described above, a direct consequence of the inmate's mental illness? Mr. Grigsby has been diagnosed with schizoaffective disorder bipolar type and when he is not on medication his symptoms of mood instability, irritability, agitation, aggression, suicidal ideation, homicidal ideation, paranoia, auditory and visual hallucinations, command auditory hallucinations are all directly related to his mental illness and then these symptoms lead him to become impulsive and aggressive where he can be a danger to self and others. There is a history of command auditory hallucinations where the voices were telling him to hurt other people. So, when he is unmedicated, his

( exhibit D )

is want filed 2018
in Del Norte County
asking error corrected
Dated Sept. 21, 2018 ?



appeal
10-4-18

**FILED**

SEP 21 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NOTE

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF DEL NORTE

IN RE:

JONATHAN GRIGSBY,
T-61830,

                    Petitioner,

On Habeas Corpus.

Case No.: HCPB18-5085

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

The Court, having read and considered the Petition for Writ of Habeas Corpus presented on September 10, 2018, hereby Orders:

The Petition is denied because Petitioner has failed to establish sufficient grounds or circumstances upon which relief may be granted.

Petitioner is now an inmate at California State Prison, Lancaster. His substantially incomprehensible petition appears to make numerous complaints. For instance, he claims the sentencing judge in this court in 2006 "lied"; he claims he was improperly sentenced under "the Tate" case not otherwise identified or explained; he claims an officer at Pelican Bay "falsified" a state of emergency in 2005; he complains of a "bogus RVR" in 2017 resulting in credit loss, but does not specify at what prison he received the RVR, but somehow attributes the problem to the 2006 sentencing judge. He makes many other complaints.

Petitioner has not met his "heavy burden" to plead sufficient grounds for relief. *See People v Duvall* (1995) 9 Cal. 4th 464, 474.