UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 18-9826-JLS (PLA)**  Date: **April 16, 2019**

Title:   **Jonathan Grigsby v. Debbie Asuncion, et al.**

---

**PRESENT:  THE HONORABLE    PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**      **ATTORNEYS PRESENT FOR DEFENDANT(S):**
           NONE                                           NONE

**PROCEEDINGS:**       **(IN CHAMBERS)**

On April 9, 2019, plaintiff filed an "Order Re: Conflict of Interest Causing Due Process Under Color of Law" (ECF No. 63), and a "Motion Telling of Delay for Cop[ies] and Missing Summons . . ." (ECF No. 64). On April 12, 2019, plaintiff filed a document entitled "Order Re: Motion Order" (ECF No. 65).

In the first filing (ECF No. 63), plaintiff seeks an order compelling the prison litigation coordinator "to respond to issue[s] raised" and to take steps to have plaintiff's staff complaints processed. (ECF No. 63 at 1-2). In the second filing (ECF No. 64), plaintiff seeks an order "stating if [the] copy machine in [the] law library is brok[en,] that [the] clerk or her worker be able to go to [the] copy machine in [the] next building to get cop[ies]." (ECF No. 64 at 1). Plaintiff's requests are **denied**, as the Court will not insert itself in institutional issues of this nature. Concurrently with this Order, however, the Court will issue an advisement to the Warden at plaintiff's institution stating that plaintiff needs access to, among other things, copying services and his legal materials in order to litigate this pending action.

Additionally, in ECF No. 64, plaintiff points out that, while the Court Clerk provided him a summons for the named defendants (ECF Nos. 37-56), the documents contained several spelling errors. Specifically, ECF No. 46 should be corrected to state "Rosen Bien" and not "Rosen Bren." ECF No. 47 should be corrected to state "B. Ramos, M.D." and not "R. Ramos, M.D." ECF No. 54 should be corrected to state "O. Eguavoen" and not "O. Eguavneon." Plaintiff also points out that, for each summons issued, his name should be stated as "Jonathan Grigsby" and not "John Grigsby." (ECF No. 64 at 1). **In light of the foregoing, the Court Clerk is directed to correct these misspellings and issue plaintiff a revised summons for each named defendant.**

To the extent, however, that plaintiff in ECF No. 64 seeks a summons for individuals who are <u>not</u> listed in the caption of the Complaint or in Section "C" of the Complaint (<u>see</u> ECF No. 1 at 1, 3-10), plaintiff's request is **denied**. Plaintiff has shown no reason to effect service of process on individuals who are not named defendants in this action.

Plaintiff also states in ECF No. 64 that the name of defendant "Internal Affairs Supervisor" is "Joseph Galvan." (See ECF No. 1 at 10; ECF No. 64 at 1).  To the extent plaintiff has learned the identity of a defendant whose name was previously unknown, he may seek to amend the Complaint and then serve the identified defendant. See, e.g., DeLuca v. County of Los Angeles, 2015 WL 4451420, at *4 (C.D. Cal. July 20, 2015) ("[I]f the identity of the person or persons who handcuffed her is unknown, that fact should be expressed in the complaint, and upon learning of the parties involved, [plaintiff] can seek to amend the complaint."); see also Munz v. Parr, 758 F.2d 1254, 1257 (9th Cir. 1985) (plaintiff permitted to identify "Officer Doe" defendant through discovery, and then amend the complaint and serve the identified defendant).

Lastly, in his April 12, 2019, filing (ECF No. 65), plaintiff states he is *not* seeking to have any defendant waive service of process, and that he intends to serve all defendants by the deadline.  (ECF No. 65 at 1-2).  Accordingly, it appears that the purpose of ECF No. 65 is merely to clarify plaintiff's intent to have the named defendants served.  Although plaintiff in ECF No. 65 does not appear to be seeking any order or response from the Court, the Court nevertheless advises plaintiff, as it has previously advised, that he has the *option* to attempt to have the defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).  Alternatively, or if service is not waived, plaintiff must proceed with some other form of service consistent with the Federal Rules of Civil Procedure. As plaintiff has been repeatedly advised, the discovery period will not commence unless a defendant is properly served and files an answer to the Complaint.

cc:    Jonathan Grigsby, pro se

Initials of Deputy Clerk ___ch___