UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 18-9826-JLS (PLA)**                    Date: **April 18, 2019**

Title:   **Jonathan Grigsby v. Debbie Asuncion, et al.**

---

**PRESENT: THE HONORABLE    PAUL L. ABRAMS**
                 **UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | **N/A** | **N/A** |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**          **ATTORNEYS PRESENT FOR DEFENDANT(S):**
             NONE                                                                                  NONE

**PROCEEDINGS:**       **(IN CHAMBERS)**

The Court is in receipt of two more filings from plaintiff, the first an "Order re: Motion Seeking Court to Respond or State What's Reason No Reply" (ECF No. 68) and the second an "Order re: Motion Seeking Truth Not False Statements" (ECF No. 89). As best as the Court can discern, plaintiff in ECF No. 68 complains, among other things, that the Court has not sent him a summons so he can serve the Complaint on Chief of Appeals Minh Voang. This individual is not named in the Complaint; neither has plaintiff moved to amend the Complaint to add this person as a defendant in this action. His request for a summons is **denied**. He further complains that he filed a "staff complaint" almost one year ago; wrote letters to M. Voang regarding his complaints with no response (those letters are attached to plaintiff's filing); two defendants herein are impeding his investigation into staff complaints; CDCR is refusing to process two staff complaints; and he has shown a conflict of interest by those "investigating their own errors and mistakes" (as to which he attaches documentation). Plaintiff appears to be complaining that the Court is not investigating his claims that "CDCR employees engaged in false document(s) fabricated statement(s) and [t]ampering with evidence in serious RVR," and seems to be seeking an order that an "employee" be "fired and as sanctions for disobeying the law." His requests that this Court conduct an investigation is **denied**, as is his request that the Court "fire" a prison employee. Indeed, no defendant in this action has yet been served (at least no proof of service showing proper service under the Federal Rules has yet been filed) so no party other than plaintiff is currently before the Court. The relief he seeks in ECF No. 68 is **denied**.

In ECF No. 89, plaintiff takes issue with certain characterizations made by the Court in prior Orders responding to plaintiff's filings. In particular, he indicates that "everybody on exhibit [F] is a defendant," and there are not two groups of individuals as noted by the Court in ECF No. 62. Exhibit F to ECF No. 89 is a list of names, and staff members not identified by name. Four names are hand-written at the end: Joseph Galvan, Dr. Afra, R.C. Johnson, and Minh Voang. None of these four are named *as defendants* in the Complaint (see Complaint, at pp. 1-10). While they may appear in the factual statement of the Complaint, *that does not make them defendants*. To be clear, the Court at this stage of the proceedings will not issue a summons on a non-defendant. As stated

above, plaintiff has not moved to amend his Complaint to add additional defendants, or filed an amended Complaint naming any additional individuals as defendants (or substituting names where only titles were originally known). Next, plaintiff explains in ECF No. 89 that he never asked a defendant to waive service of the summons and Complaint, and the Court was incorrect in previously asserting otherwise. To the extent the Court misconstrued any prior filing by plaintiff as to service issues, the Court will simply advise him, again, that the method of service of the summons and Complaint that plaintiff chooses to use must be timely and must comply with the applicable Federal Rules. Plaintiff's ECF No. 89 is otherwise **denied**.


cc:     Jonathan Grigsby, pro se

Initials of Deputy Clerk ____ch____