# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JONATHAN GRIGSBY, | No. CV 18-9826-JLS (PLA) |
| Plaintiff, | |
| v. | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| DEBBIE ASUNCION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner who was incarcerated at the California State Prison, Lancaster, California ("CSP-LAC") at the time that he initiated this action, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2018. (ECF No. 1). Plaintiff also filed a request to proceed without prepayment of the filing fee, which was denied by the District Court on the grounds that plaintiff had previously had three or more cases dismissed that constitute strikes in accordance with 28 U.S.C. § 1915(g). (ECF Nos. 2, 8). Plaintiff subsequently paid the full filing fee. (ECF No. 25).

Plaintiff's Complaint named numerous employees of the California Department of Corrections and Rehabilitation ("CDCR") as defendants. (ECF No. 1 at 3-13). Plaintiff, however, was able to successfully serve the summons and Complaint on only two defendants, Correctional Officer Escajeda and Supervisor of Health Appeals Mason. (ECF Nos. 98-99). On October 1,

2019, after considering plaintiff's Objections (ECF No. 106), the District Court accepted this Court's Initial Report and Recommendation (ECF No. 103) and dismissed all unserved named defendants from this action for failure to prosecute. (ECF No. 107). Subsequently, the Court granted the Motion to Stay the Case filed by the two remaining defendants while the Court conducted additional screening. (ECF Nos. 109-112).

Plaintiff's claims in this action arise from an incident on July 16 to 17, 2018, when plaintiff was not taken from his cell for medical attention for several hours while he was in severe pain and calling for help. (ECF No. 1 at 11-16). Plaintiff sought to have criminal charges filed against unnamed prison employees who allegedly falsified documents and failed to investigate plaintiff's claims. Plaintiff also sought compensatory damages. (*Id.* at 20).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the Complaint for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1). Plaintiff's status as a prisoner is determined at the time when he filed the action. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1284 (9th Cir. 2017) (citing Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000), and holding that the status of "prisoner" for purposes of 28 U.S.C. § 1915A is determined "at the time that the plaintiff files the complaint").

After careful review of the Complaint, the Court found that plaintiff's allegations failed to state a short and plain statement of any claim and appeared insufficient to state a claim against the two remaining defendants. Accordingly, the Complaint was dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Plaintiff was ordered, if he desired to pursue this action, to file a First Amended Complaint no later than November 8, 2019, remedying the deficiencies discussed in the Court's Order of October 10, 2019. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint or failed to remedy the deficiencies of his pleading, the Court would recommend that the action be dismissed without further leave to amend and with prejudice. (See ECF No. 113).

On November 4, 2019, plaintiff filed a First Amended Complaint ("FAC") that names as defendants Warden Asuncion, Correctional Officers Dunn and Escajeda, and Health Appeals Supervisor Mason. Plaintiff names Correctional Officer Escajeda, Supervisor Mason, and Warden Asuncion in both their individual and official capacities. (ECF No. 114 at 3-4). The District Court's Order of October 1, 2019, dismissed without prejudice for failure to prosecute defendants Warden Asuncion and Correctional Officer Dunn. (ECF No. 107). To date, plaintiff has failed to file a proof of service of process on either of these two defendants. In the FAC plaintiff once again seeks to have unspecified CDCR employees fired and have "criminal charges filed." Plaintiff also seeks monetary damages. (ECF No. 114 at 9).

The Court once again has screened the FAC for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. See, e.g., Kwan v. SanMedica Int'l, 854 F.3d 1088, 1093 (9th Cir. 2017); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("In determining whether a complaint should be dismissed for failure to state a claim under the [PLRA], we apply the familiar standard of Fed. R. Civ. P. 12(b)(6)."). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Further, it is particularly important in a civil rights case filed by a *pro se* litigant to attempt to ascertain plaintiff's claims to protect his or her access to the courts. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) (the rule of liberal construction "relieves *pro se* litigants from the strict application of procedural rules"); Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"). In addition, the Court may not dismiss a claim because a *pro se* litigant has set forth an incomplete "legal theory supporting the claim" alleged. See Johnson v. City of Shelby, 574 U.S. 10, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014). Finally, in determining whether a complaint states a claim to relief that is plausible on its face, factual allegations are accepted as true and construed in the light most favorable to plaintiff. See, e.g., Soltysik v. Padilla, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678; see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

After careful review of the FAC under the foregoing standards, the Court finds that plaintiff's allegations once again appear insufficient to state a claim against any defendant. Because plaintiff is an inmate proceeding *pro se* in a civil rights action, the Court, although doubtful that plaintiff will be able to correct the deficiencies in his pleading, will give plaintiff one additional opportunity to amend his FAC to correct the deficiencies in his claims. Accordingly, the FAC is dismissed with leave to amend. See Noll, 809 F.2d at 1448 (a "*pro se* litigant must be given leave to amend his

4

or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment" (internal quotation marks omitted)).

**Plaintiff is admonished that, if plaintiff desires to pursue this action, he must file a Second Amended Complaint no later than January 17, 2020, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.[1]**

## A. ELEVENTH AMENDMENT IMMUNITY

Plaintiff's FAC once again names three defendants in their official capacities, and he appears to seek only monetary damages against these defendants.

As the Court has previously admonished plaintiff, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Such a suit "is **not** a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis in original). Further, in Will v. Mich. Dep't. of State Police, 491 U.S. 58, 64-66, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states and state agencies are not persons subject to civil rights suits under 42 U.S.C. § 1983, and that a suit against a state official in his or her official capacity is "no different from a suit against the State itself."

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst St. School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983.

Accordingly, any state agency, such as the CDCR, is immune from all civil rights claims raised pursuant to § 1983. See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam) (the Eleventh Amendment bars claims for injunctive relief against Alabama and its Board of Corrections). In addition, the Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988). Therefore, the Eleventh Amendment bars retrospective relief against a state official in his or her official capacity.

Accordingly, plaintiff's claims seeking damages against defendants who are employees of the CDCR in their official capacities constitute claims against the State and are barred by the Eleventh Amendment. Plaintiff may not seek monetary damages from any CDCR official in his or her official capacity if plaintiff chooses to file a Second Amended Complaint.

**B.     WARDEN ASUNCION**

Plaintiff's FAC once again names Warden Asuncion as a defendant in her individual capacity. (ECF No. 114 at 3-4). Plaintiff's FAC, however, does not set forth any specific factual

allegations against this defendant. Plaintiff alleges only that Warden Asuncion was "made aware" of the actions of CDCR employees, "did nothing," and "ignored" plaintiff's grievances. (*Id.* at 3-4, 7-8). Plaintiff also does not purport to allege any specific claim against Warden Asuncion.

Although it remains unclear what claim or claims plaintiff may be raising against Warden Asuncion in her individual capacity, supervisory personnel such as a warden are not liable under § 1983 on a theory of respondeat superior. See, e.g., Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Here, plaintiff's only allegations against Warden Asuncion are conclusory, unsupported by any specific factual allegations, and appear to only pertain to Warden Asuncion's role as supervisor of employees at the prison. Plaintiff does not set forth any facts raising a plausible inference that Warden Asuncion was personally involved in a specific deprivation of plaintiff's constitutional rights, or that Warden Asuncion set "in motion a series of acts by others," or "knowingly refus[ed] to terminate a series of acts by others, which [Warden Asuncion] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). Plaintiff's mere unsupported conculsory allegations that Warden Asuncion failed to respond to plaintiff's grievances are not accepted as true in determining whether plaintiff's FAC sets forth a plausible claim against Warden Asuncion. See, e.g., Chavez, 683 F.3d at 1108.

Accordingly, plaintiff's FAC fails to set forth a short and plain statement of any claim against Warden Asuncion alleging sufficient "factual content that allows the court to draw the reasonable inference that [Warden Asuncion] is liable for the misconduct alleged." Iqbal, 556 U.S. at 677-78.

**C.      DEFENDANTS ESCAJEDA AND DUNN**

Plaintiff alleges that Correctional Officer Escajeda "denied" or refused plaintiff medical attention on July 17, 2018. (ECF No. 114 at 3, 5). The only factual allegations against Officer Escajeda are that Escajeda refused medical care from the start of Escajeda's shift at around 6:30 a.m. until 11:30 a.m. on July 17, 2018. (*Id.* at 6). Plaintiff alleges that he screamed and called out

from his cell door for "3 to 4 hours" (*id.*), but he does not allege any facts to support a reasonable inference that Officer Escajeda was aware that plaintiff sought medical care for several hours. Further, plaintiff alleges that he had received medical attention the evening before Officer Escajeda's shift began, and that plaintiff was taken to see a doctor around 11:00 a.m., which was less than five hours after Escajeda's shift started on July 17, 2018. Similarly, the only factual allegation against Officer Dunn is that plaintiff asked Dunn to call the nurse for a second time at 11:30 p.m. on July 16, 2018, because plaintiff's pain had grown worse, but Officer Dunn ignored plaintiff. (*Id.* at 4, 6). Plaintiff claims that Correctional Officers Escajeda and Dunn violated plaintiff's "right to medical care" and "subjected [plaintiff] to cruel and unusual punishment for 13 hours." (*Id.* at 7).

In general, plaintiff alleges that he began to experience "serious pain" in his stomach at around 9:30 p.m. on July 16, 2018, and that he was seen by a nurse that evening after plaintiff asked for medical assistance. The nurse informed plaintiff that no doctor would be available until morning and provided plaintiff with medication. (*Id.* at 6). Plaintiff's pain increased, and he asked Correctional Officer Dunn at 11:30 p.m. to call the nurse again. At some point, plaintiff vomited. (*Id.*). Plaintiff was taken in a wheelchair to see a doctor around 11:00 a.m. on the morning of July 17, 2018, and he was sent to an outside hospital "around 11:20 or 11:30 a.m." that morning. (*Id.* at 6-7). Plaintiff had a "procedure to unblock [his] small intestine," and he was hospitalized for four days. (*Id.* at 7).

In order to state a claim under the Eighth Amendment for constitutionally inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. See Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976). "This includes both an objective standard -- that the deprivation was serious enough to constitute cruel and unusual punishment -- and a subjective standard -- deliberate indifference." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted). To state such a claim, "a prisoner must demonstrate that the prison official acted with deliberate indifference." See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted).

Deliberate indifference may be manifest by the intentional denial, delay, or interference with a prisoner's medical care. See Estelle, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); see also Colwell, 763 F.3d at 1066 (a "prison official is deliberately indifferent . . . only if the official knows of and disregards an excessive risk to inmate health and safety" (internal quotation marks omitted). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Estelle, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Both Officer Escajeda and Officer Dunn are alleged to be correctional officers and not health care workers. Plaintiff alleges that he did receive medical attention from a nurse at around 9:30 p.m., and he was told that no doctor was available that night. Plaintiff alleges that he next asked for medical care at 11:30 p.m., and that he was taken to see a doctor at 11:00 a.m. the following morning, which represents a delay of less than twelve hours. (*Id.* at 6). Plaintiff's FAC once again fails to set forth any factual allegations sufficient to raise a reasonable inference that either Officer Escajeda or Officer Dunn was aware that a delay in seeking additional medical attention for plaintiff's pain posed a substantial risk to plaintiff's health. Moreover, plaintiff fails to set forth specific facts alleging that either Officer Escajeda or Officer Dunn took an action at any specific time, participated in another prison official's action, or failed to perform an act that he was legally required to do that *caused* plaintiff's constitutional deprivation. As the Court has previously admonished plaintiff, in order to state a claim against a specific defendant, plaintiff must allege facts showing that the defendant deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

an act which he is legally required to do that **causes** the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis and alteration in original). As the Supreme Court has made clear, in order to state a claim against an individual defendant, plaintiff must allege sufficient factual allegations against that defendant to nudge a claim "across the line from conceivable to plausible." See Twombly, 550 U.S. at 570.

Here, plaintiff's FAC fails to allege sufficient factual allegations against either Officer Escajeda or Officer Dunn to state a plausible claim arising from allegedly inadequate medical treatment. If plaintiff wishes to proceed on a federal civil rights claim against these defendants, then plaintiff should set forth in an amended pleading "simply, concisely, and directly [the] events" that entitle him to damages from each defendant. Johnson, 135 S. Ct. at 347.

### D. HEALTH APPEALS SUPERVISOR MASON

Plaintiff alleges that defendant Mason refused to investigate plaintiff's complaint that he had been "denied medical treatment" and refused to provide a name of a CDCR employee to plaintiff. Plaintiff also alleges that he was "threatened" at unspecified times unless he dropped the complaint. (ECF No. 114 at 3, 5, 8). Plaintiff appears to allege that the actions of Supervisor Mason violated his due process rights, but the only factual allegations against this defendant pertain to the processing of administrative grievances. (*Id.* at 8). To the extent that plaintiff is purporting to state a federal civil rights claim against Supervisor Mason arising from the allegedly inadequate processing of plaintiff's administrative grievances, a prisoner has no federal constitutional right to an effective grievance or appeal procedure and the mere participation of a prison official in plaintiff's administrative appeal process is an insufficient basis on which to state a federal civil rights claim against such defendant. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has "no legitimate claim of entitlement to a grievance procedure"). Further, to the extent that plaintiff may be intending to allege a federal due process claim arising from the failure to properly process an administrative

grievance, the guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) ("Due process protections extend only to deprivations of protected interests."). An inmate administrative appeal system does not implicate a liberty interest protected by the Due Process Clause. See Mann, 855 F.2d at 640. Accordingly, plaintiff's factual allegations in the FAC against defendant Mason once again fail to give rise to a federal civil rights claim.

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. Further, the Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory to support the claim alleged. See Johnson, 135 S. Ct. at 346. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se* litigants"). Here, plaintiff's FAC fails to set forth factual allegations supporting any plausible civil rights claim against defendant Mason.

\* \* \*

Because plaintiff is proceeding *pro se* in this civil rights action, the Court will provide him with one additional opportunity to amend. Based on the above deficiencies, plaintiff's FAC is **dismissed with leave to amend**. If plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint **no later than January 17, 2020**, remedying the deficiencies discussed herein. Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.

The Second Amended Complaint must bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the

original Complaint, the First Amended Complaint, or any other pleading, attachment or document. Each claim plaintiff alleges must clearly set forth which defendant(s) is alleged to be responsible for the alleged violation, and clearly and concisely reference the factual allegations that are relevant to that claim. Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint. The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED: December 23, 2019

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE